# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

KRISTIN L. MCCULLOUGH,

      Plaintiff,

   v.

NANCY A. BERRYHILL,

      Defendant.

Case No.  16-cv-00625-BLF

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S MOTION TO REMAND**

[Re:  ECF 12, 15]

Plaintiff Kristin L. McCullough appeals a final decision of Defendant Nancy A. Berryhill, Acting Commissioner of Social Security, denying her application for a period of disability and disability benefits under Title II of the Social Security Act.  Before the Court are Plaintiff's motion for summary judgment and Defendant's motion to remand, both of which have been fully briefed. Upon consideration of the briefing[1] and for the reasons set forth below, the Court REVERSES the Commissioner's decision IN PART and REMANDS the case for a determination of disability for the closed period from June 30, 2010 through December 3, 2012.

## I.    BACKGROUND

McCullough, was born on November 22, 1961.  Admin. R. ("AR") 58.  Since August 2007, McCullough has filed three applications for disability benefits, including the one presently at issue.  *Id.* at 20.  McCullough first filed an application for a period of disability and disability insurance, contending disabling bipolar disorder, premenstrual dysphoric disorder, thyroid condition, and borderline personality disorder on August 21, 2007.  AR 20.  This application was denied on December 6, 2007.  *Id.*  McCullough subsequently filed a second application for disability benefits on September 2, 2008.  *Id.* at 96 ("Second Application").  The Second Application was denied initially and upon reconsideration.  *Id.* at 20.  McCullough then requested

---

[1] This matter was submitted without oral argument pursuant to Civil Local Rule 16-5.

a hearing before an administrative law judge ("ALJ"), which was granted. *Id.* at 96. ALJ Nancy Lisewski evaluated McCullough's disability claims, and ultimately determined that McCullough was not disabled on June 29, 2010. *Id.* at 104–05. The Appeals Council found no legal basis to grant review of ALJ Lisewski's decision, and this court affirmed the Commissioner's final decision. *Id.* at 106–08; *see McCullough v. Astrue*, No. 12-cv-1990-EJD, 2013 WL 4806866 (N.D. Cal. Sept. 9, 2013). McCullough did not appeal this court's decision.

On April 12, 2012, McCullough filed a third application for a period of disability and disability insurance benefits and for supplemental security income. AR 21, 225. In both applications, McCullough alleged disability beginning on April 15, 2006. *Id.* at 225. McCullough's third application was denied initially and upon reconsideration. *Id.* at 21. Thereafter, McCullough requested a hearing before an ALJ. *Id.*

On January 29, 2014, ALJ Frederick C. Michaud rendered a partially favorable decision. *Id.* at 23–30. In his decision, ALJ Michaud concluded that McCullough was not disabled prior to December 4, 2012, but became disabled on that date and continued to be disabled through the date of his decision. *Id.* at 21. ALJ Michaud also found that there was no "good cause" to "vacate the well-written and supported prior unfavorable decision, nor any of the prior determinations," and thus concluded that they shall remain in force pursuant to *res judicata*. *Id.* at 20. ALJ Michaud's decision, therefore, considered only whether McCullough was disabled from June 29, 2010, the date of ALJ Lisweski's decision, through January 29, 2014, the date of his decision. *Id.* The Appeals Council affirmed ALJ Michaud's decision. *Id.* at 1.

McCullough now seeks judicial review of the denial of benefits for the closed period of June 30, 2010 through December 3, 2012. Pl.'s Mot. Summ. J. ("Pl.'s Mot.") 1, ECF 12. Specifically, McCullough asks the Court to reverse the final decision of the Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g), without a remand for a rehearing, *i.e.*, for a finding of disability for the period from June 30, 2010 through December 3, 2014. *Id.* Alternatively, McCullough asks the Court to reverse the Commissioner's final decision with a remand for a rehearing for the period from June 30, 2010 through December 3, 2012. *Id.*

In response to McCullough's motion for summary judgment, the Commissioner filed a

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1    motion to remand, agreeing that the case should be remanded to the agency because the ALJ did

2    not adequately address medical-opinion evidence or Plaintiff's credibility. Def.'s Mot. Remand

3    ("Def.'s Mot.") 2, ECF 15. The Commissioner, however, disagrees with McCullough's

4    contention that the Court should remand this case to the agency for the automatic payment of

5    benefits or with specific instructions that the ALJ only reconsider the closed period from June 30,

6    2010 through December 3, 2012. *Id.*

## II.    LEGAL STANDARD

### A.    Standard of Review

9       District courts "have power to enter, upon the pleadings and transcript of the record, a

10   judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security,

11   with or without remanding the cause for a rehearing." 42 USC § 405(g). However, "a federal

12   court's review of Social Security determinations is quite limited." *Brown-Hunter v. Colvin*, 806

13   F.3d 487, 492 (9th Cir. 2015). Federal courts "'leave it to the ALJ to determine credibility,

14   resolve conflicts in the testimony, and resolve ambiguities in the record.'" *Id.* (quoting *Treichler*

15   *v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014)).

16       A court "will disturb the Commissioner's decision to deny benefits only if it is not

17   supported by substantial evidence or is based on legal error." *Brown-Hunter*, 806 F.3d at 492

18   (internal quotation marks and citation omitted). "Substantial evidence is such relevant evidence as

19   a reasonable mind might accept as adequate to support a conclusion, and must be more than a

20   mere scintilla, but may be less than a preponderance." *Rounds v. Comm'r of Soc. Sec. Admin.*,

21   807 F.3d 996, 1002 (9th Cir. 2015) (internal quotation marks and citations omitted). A court

22   "must consider the evidence as a whole, weighing both the evidence that supports and the

23   evidence that detracts from the Commissioner's conclusion." *Id.* (internal quotation marks and

24   citation omitted). If the evidence is susceptible to more than one rational interpretation, the ALJ's

25   findings must be upheld if supported by reasonable inferences drawn from the record. *Id.*

26       Finally, even when the ALJ commits legal error, the ALJ's decision will be upheld so long

27   as the error is harmless. *Brown-Hunter*, 806 F.3d at 492. However, "[a] reviewing court may not

28   make independent findings based on the evidence before the ALJ to conclude that the ALJ's error

United States District Court
Northern District of California

1  was harmless." *Id.*  The court is "constrained to review the reasons the ALJ asserts." *Id.*

2      **B.   Standard for Determining Disability**

3      Disability benefits are available under Title II of the Social Security Act when an eligible

4  claimant is unable "to engage in any substantial gainful activity by reason of any medically

5  determinable physical or mental impairment which can be expected to result in death or which has

6  lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §

7  423(d)(1)(A).

8      "To determine whether a claimant is disabled, an ALJ is required to employ a five-step

9  sequential analysis, determining: (1) whether the claimant is doing substantial gainful activity; (2)

10  whether the claimant has a severe medically determinable physical or mental impairment or

11  combination of impairments that has lasted for more than 12 months; (3) whether the impairment

12  meets or equals one of the listings in the regulations; (4) whether, given the claimant's residual

13  functional capacity, the claimant can still do his or her past relevant work; and (5) whether the

14  claimant can make an adjustment to other work." *Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th

15  Cir. 2014) (internal quotation marks and citations omitted).  The residual functional capacity

16  ("RFC") referenced at step four is what a claimant can still do despite his or her limitations.  *Id.* at

17  1160 n.5.  "The burden of proof is on the claimant at steps one through four, but shifts to the

18  Commissioner at step five." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir.

19  2009).

20  **III.   DISCUSSION**

21      The ALJ determined that McCullough had acquired sufficient quarters of coverage to

22  remain insured through June 30, 2012.  AR 23.  At step one, ALJ Michaud determined that

23  McCullough had not engaged in substantial gainful activity since the alleged onset date of April

24  15, 2006.  *Id.*  At step two, the ALJ found that McCullough had the following severe impairments:

25  mood disorder, borderline personality disorder, and Hashimoto's hypothyroidism.  *Id.*

26      At step three, the ALJ concluded that McCullough did not have an impairment or

27  combination of impairments that met or medically equaled the severity of one of the listed

28  impairments in 20 C.F.R., Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, and

1   404.1526), prior to December 4, 2012. AR 23. Thus, the ALJ concluded that McCullough

2   became disabled on December 4, 2012. *Id.* at 23, 28 ("Beginning on December 4, 2012, the

3   severity of claimant's impairments has met the criteria of section 12.08 of 20 CFR Part 404,

4   Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 416.920(d)[,] and 416.925).").

5          Between steps three and four, the ALJ found that McCullough had the RFC to perform a

6   full range of work at all exertional levels, with few exceptions, prior to December 4, 2012. *Id.* at

7   24. At step four, the ALJ found that because McCullough was not disabled prior to December 4,

8   2012, through that date, "there were jobs that existed in significant numbers in the national

9   economy that [she] could have performed. *Id.* at 28. ALJ Michaud thus "endorsed" the "other

10  jobs" cited by ALJ Lisewski in her unfavorable decision hearing. *See id.* at 103–04. However, the

11  ALJ found that beginning on December 4, 2012, the severity of McCullough's impairments met

12  the criteria of Section 12.08, and she continued to be disabled through the date of his decision. *Id.*

13  at 29–30.

14         McCullough argues that ALJ Michaud's finding of non-disability for the period from June

15  30, 2010 through December 3, 2012 is not supported by substantial evidence, and should thus be

16  reversed. Specifically, McCullough contends that (1) ALJ Michaud erroneously applied the Ninth

17  Circuit's decision in *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988), when he concluded that there

18  was no evidence of "changed circumstances" sufficient to rebut the presumption of continuing

19  non-disability arising from ALJ Lisewski's decision on June 29, 2010 until December 4, 2012,

20  Pl.'s Mot. 8; AR 27; (2) ALJ Michaud failed to evaluate the opinions of two state-agency non-

21  examining physicians, erroneously rejected the opinions of treating psychiatrist Dr. Marchenko,

22  and erroneously evaluated evidence from treating psychiatrist Dr. Rahman, Pl.'s Mot. 8–17; and

23  (3) the ALJ did not provide clear and convincing reasons for finding McCullough not credible.

24  Mot. 18. Defendant concedes that ALJ Michaud did not adequately address medical-opinion

25  evidence or Plaintiff's credibility. Def.'s Mot. 2.

26         Having reviewed the record and the parties' briefs, the Court agrees that the ALJ did not

27  properly evaluate the medical-opinion evidence or Plaintiff's credibility. Accordingly, the Court

28  REMANDS this action to the ALJ.

*United States District Court*
*Northern District of California*

Having concluded that this case should be remanded, the Court must now determine whether the case should be remanded for the payment of benefits or for additional investigation and determination.  Pl.'s Reply 6, ECF 18.  "[T]he proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *INS v. Ventura*, 537 U.S. 12, 16 (2002) (internal citations omitted).  Contrary to McCullough's suggestion, this is not the rare circumstance where a remand for further proceedings is inappropriate because material questions of fact remain—particularly, whether McCullough was disabled during the period at issue, and even if she were disabled, whether McCullough would have been "[ ]able to perform gainful employment in the national economy." *Benecke v. Barnhart*, 379 F.3d 587, 594–95 (9th Cir. 2004).  Thus, remand, not an award of benefits, is the proper course of action in this case.  *See Strauss v. Comm'r of Soc. Sec. Admin.*, 635 F.3d 1135, 1136 (9th Cir.2011) (remand for automatic payment for benefits is inappropriate unless the record clearly shows that the claimant "is, in fact, disabled"); *see also Goucher v. Colvin*, No. C-14-3009, 2015 WL 4051946 (N.D. Cal. July 2, 2015). Thus, the ALJ shall reconsider the evidence, and to reassess whether McCullough was disabled during the period from June 30, 2010 through December 3, 2012

The Court limits reconsideration to the period of June 30, 2010 through December 3, 2012, because the Court is unaware of any authority that would allow this Court to reopen the Commission's favorable determination.  *See* Pl.'s Reply  3.  Moreover, the Commissioner did not argue that there was any defect in the finding of disability.  *See id.* at 2.  As explained by the Tenth Circuit, "[t]he Commissioner may not terminate disability benefits without making findings demonstrating that a claimant has medically improved [and] is able to perform either . . . past work or 'other work' existing 'in significant numbers." *Hayden v. Barnhart*, 374 F.3d 986, 994 (10th Cir. 2004).  No such findings exist in the record.

## IV.   CONCLUSION

Based on the foregoing, the Court GRANTS Plaintiff's motion for summary judgment in part and Defendant's motion to remand in part; REVERSES the Commissioner's final decision denying Plaintiff's application for a period of disability insurance benefits and supplemental security income for the closed period from June 30, 2010 through December 3, 2012, only; and

6

REMANDS this case for consideration of only the closed period from June 30, 2010 through December 3, 2012.  The motions are DENIED as to all other issues presented.

   **IT IS SO ORDERED.**


Dated: March 29, 2017

BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California