# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| KRISTIN L. MCCULLOUGH,<br>Plaintiff,<br>v.<br>NANCY A. BERRYHILL,<br>Defendant. | Case No. 16-cv-00625-BLF<br><br>**ORDER GRANTING MOTION OF PLAINTIFF'S COUNSEL FOR ATTORNEYS' FEES UNDER 42 U.S.C. § 406(b)**<br><br>[Re: ECF 25] |

In this Social Security appeal, the Court granted in part Plaintiff Kristin McCullough's ("Plaintiff") motion for summary judgment and remanded the case for a determination of disability for the period from June 30, 2010 through December 3, 2012. *See* Summary Judgment Order ("Order") at 1, ECF 21. The Court then entered judgment based on that order. Judgment, ECF 22. On remand, Plaintiff was awarded past-due benefits in the amount of $186,637.00.[1] *See* Appl., Ex. B ("Award Notice"), ECF 25-2. Plaintiff's counsel ("Counsel"), who represented her in both the administrative and judicial proceedings, has filed an application for an award of attorneys' fees totaling $36,659.25, or 19.6% of the past due benefits. *See* Mot., ECF 25. The application is made pursuant to 42 U.S.C. § 406(b), and the parties' contingent-fee agreement. The Government did not oppose the motion. Having reviewed Counsel's motion, the Court finds that the fees sought are reasonable, and therefore GRANTS the motion in the amount of $36,659.25, which is 19.6% of the past-due benefits award of $186,637.00.

---

[1] The Social Security Administration withheld $46,659.25 of Plaintiff's past-due benefits to ensure there were sufficient funds available to pay any attorneys' fees award. The Award Notice makes clear that this amount is 25% of the past due benefits. *See* Award Notice.

## I. LEGAL STANDARD

Section 406(b) of the Social Security Act governs Counsel's request for fees. Under that provision, "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). "A court may award such a fee even if the court's judgment did not immediately result in an award of past-due benefits; where the court has rendered a judgment favorable to a claimant by reversing an earlier determination by an ALJ and remanding for further consideration, the court may calculate the 25% fee based upon any past-due benefits awarded on remand." *Butler v. Colvin*, No. 3:14-CV-02050-LB, 2017 WL 446290, at *1 (N.D. Cal. Feb. 2, 2017). "[T]he fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009).

Attorneys specializing in social security work "routinely enter into contingent-fee agreements specifying that the fee will be 25% of any past-due benefits recovered, thus providing the attorney the statutory maximum of fees if the representation is successful." *Id.* The Supreme Court has held that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). However, the district court must review contingent-fee agreements "as an independent check, to assure that they yield reasonable results in particular cases." *Id.* "[T]he district court must first look to the fee agreement and then adjust downward if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." *Crawford*, 586 F.3d at 1151.

Where attorneys' fees have been awarded pursuant to the Equal Access to Justice Act ("EAJA"), the EAJA fees must be offset against any fees awarded under § 406(b). *Gisbrecht*, 535 U.S. at 796 (citing 28 U.S.C. § 2412). "Under EAJA, a party prevailing against the United States in court, including a successful Social Security benefits claimant, may be awarded fees payable by the United States if the Government's position in the litigation was not 'substantially justified.'"

2

*Id.* (quoting 28 U.S.C. § 2412). "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee." *Id.* (internal quotation marks, citation, and alterations omitted). "Thus, an EAJA award offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Id.* (internal quotation marks, citation, and alterations omitted).

## II. DISCUSSION

Pursuant to the standards set forth above, the Court begins its analysis by looking to the contingent fee agreement between Counsel and Plaintiff. Suppl. Agreement, ECF 29-1. The agreement provides that, subject to approval of the district or circuit court, Plaintiff will pay Counsel "a fee no greater than 25% of the past-due benefits" recovered. *Id.* at 1. Accordingly, the agreement is within the 25% cap set forth in § 406(b), and the requested fees likewise comply, as they total only 19.6% of the total award. Nothing in the record suggests that Counsel's performance was substandard or that Counsel delayed proceedings in an effort to increase the amount of fees awarded. Counsel obtained an excellent result for Plaintiff, consisting of a substantial award of past-due benefits and ongoing benefits. *See* Award Notice. The fee award of $36,659.25 for 34.25 hours of work translates to an hourly rate of $1,070.34, or an effective hourly rate of $874.72 after the EAJA fees are offset. *See* ECF 24 (awarding $6,700 in EAJA fees). Many courts in this circuit award attorneys' fees under § 406(b) with effective hourly rates ranging between $1,000 and $1,500. *See, e.g.*, *Lopez v. Colvin*, Case No. 6:14-cv-1910-SI, 2017 WL 168060, at *2 n.2 (N.D. Cal. Jan. 17, 2017) (effective hourly rate $1,131); *Palos v. Colvin*, No. CV 15-04261-DTB, 2016 WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016) (effective hourly rate $1,546.39). This award is likewise reasonable given the contingent nature of the fee.

Having considered the record in this case and the applicable law, the Court is satisfied that Counsel's request for attorneys' fees under § 406(b) is reasonable. Counsel will be required to reimburse Plaintiff in the amount of $6,700, the amount of attorneys' fees previously awarded to

3

Plaintiff in this case under EAJA.

**III. ORDER**

    (1) Counsel's motion for attorneys' fees under § 406(b) is GRANTED in the amount of $36,659.25; and

    (2) Counsel shall reimburse Plaintiff in the amount of $6,700, which previously was paid by the Government under EAJA.

**IT IS SO ORDERED.**

Dated: November 15, 2018

_____
BETH LABSON FREEMAN
United States District Judge